IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

    Plaintiff,                    1:07cv 1042 AWI WMW PC

    vs.                           FINDING AND RECOMMENDATION

BLENDER MAGAZINES,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the May 5, 2008, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.  In that order, the court noted the following.   Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Blender Magazines, a private company.

       Plaintiff's  claims in this complaint is that Defendant owes him a refund.  Plaintiff sent to Defendant funds for a two year subscription.   Plaintiff then sent another check for a two year subscription.  Plaintiff has written to Defendant on several occasions, inquiring about his refund. Defendant has not refunded any money to Plaintiff.

       To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer</u>

1

v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has alleged no facts indicating that an individual, acting under color of state law, has deprived Plaintiff of an interest protected by the U.S. Constitution, or any state or federal law.  There is no authority for the proposition that a private company can be held liable under 42 U.S.C. § 1983 for a failure to refund money.  Because Plaintiff has failed to allege any facts indicating that he was deprived of a protected interest, the complaint was dismissed.  In the first amended complaint, Plaintiff restates the allegations of the complaint.  Plaintiff has not alleged any facts indicating that any named individual defendant deprived Plaintiff of a protected interest.  The court therefore recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 20, 2009**              /s/  **William M. Wunderlich**
                                                                      UNITED STATES MAGISTRATE JUDGE